FILED

98 AUG 20 PM 4:09

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

AUG 2 0 1998

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WALTER E. BROOM,                )
                                )
    PLAINTIFF,                  )
                                )
VS.                             )        CV98-H-1579-S
                                )
METROPOLITAN LIFE INSURANCE     )
COMPANY, a corporation;         )
                                )
    DEFENDANT.                  )

## MEMORANDUM OF DECISION

Plaintiff Walter E. Broom initiated this action by filing a complaint in the Circuit Court of Jefferson County, Alabama on May 14, 1998 alleging various forms of fraud, wanton behavior and negligence, as well as breach of contract, relating to the payment of premiums on a life insurance policy. On June 19, 1998 defendants Metropolitan Life Insurance Company ("MetLife") and Ernest Farrow removed the action to this court on the basis of fraudulent joinder and diversity jurisdiction.[1]

Defendants MetLife and Farrow also filed on June 19, 1998 a motion for judgment on the pleadings.[2] The court's July 24, 1998 order gave plaintiff until August 6, 1998 to respond to the

---

[1] Non-diverse defendant Ernest Farrow has been dismissed as a party to this action by a separate order. Plaintiff did not dispute defendants' assertion of fraudulent joinder by a motion to remand or otherwise. Defendants supported the assertion of fraudulent joinder by an affidavit from Farrow stating that he never had supervisory responsibility over Abts, the sales agent involved. See Ex. B to Notice of Removal. Furthermore, Farrow states that he and Abts were not working at MetLife's Birmingham office during the same time period. Id.

[2] Based on the court's dismissal of Farrow, the court will treat the motion as solely that of defendant MetLife.

motion. See July 24, 1998 Order. Plaintiff filed no response to the motion. Defendants' motion for judgment on the pleadings was deemed submitted to the court for decision on August 7, 1998.

Judgment on the pleadings is appropriate when no material facts are in dispute, and judgment can be rendered by looking only to the substance of the pleadings. Fed. R. Civ. P. 12(c); Bankers Ins. Co. v. Florida Residential Property and Casualty Joint Underwriting Ass'n, 137 F.3d 1293, 1295 (11th Cir. 1998). When considering a motion for judgment on the pleadings, the court must accept the facts in the complaint as true and view them in the light most favorable to the plaintiff for purposes of the motion.

### FACTUAL ALLEGATIONS IN THE COMPLAINT

In 1990 plaintiff met with a MetLife Sales Agent Phil Abts who sold him a life insurance policy issued by MetLife. According to plaintiff, Abts represented to plaintiff that he could purchase a MetLife policy that "would be paid up in ten years from the date of purchase; and that after ten years, Plaintiff could stop paying on the life insurance policy and it would remain in effect for his entire life." See Complaint at ¶ 5. Plaintiff claims that he relied on this representation by Abts to purchase to policy. Id. at ¶ 7.

Defendant asserts that all of plaintiff's claims fail as a matter of law because they are premature in that he has not yet suffered any damage in relation to this life insurance policy. In the complaint plaintiff alleges that he was damaged by his

payment of premiums for a policy which will not become self-sustaining in ten years and the mental anguish he has suffered as a result of the policy. See Complaint at ¶ 9. Defendant argues that plaintiff cannot properly assert a cause of action until the year 2000 and then only if the following conditions have been met: (1) he is alive; (2) he makes timely payments of premiums due up to that time; (3) MetLife requires him to pay additional premiums after that year; and (4) he can demonstrate that the required additional premiums are contrary to the terms of the insurance policy.

Based on the allegations in the complaint, plaintiff's life insurance policy at issue appears to be executory. Plaintiff has not alleged in the complaint that the policy currently fails to provide the bargained for coverage or that he has been required to pay any premiums not authorized by the insurance contract. Plaintiff's complaint centers around his fear and concern that the premiums paid over the initial ten-year period will not provide the self-sufficient policy he contracted for and thus, he will be required to pay additional premiums during or after the year 2000 in order to receive the coverage for which he contracted.

In order for plaintiff to bring this action he must invoke the court's judicial power which is limited by Article III to resolving "cases" and "controversies." To invoke such judicial power and thus have standing, the plaintiff must demonstrate real injury of a direct, personal and actual or threatened nature.

Valley Forge Christian College v. Americans United For Separation of Church and State, 454 U.S. 464, 472 (1982). The injury must be real and immediate, thus not conjectural or hypothetical. Id.; City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983).

Under Alabama law, plaintiff must assert and then establish the element of damages in each of his claims. Speculative fear that the insurance contract will not perform as allegedly promised or agreed to is not a recognizable legal injury sufficient to support plaintiff's claims. Pfizer, Inc. v. Farsian, 682 So. 2d 405 (Ala. 1996); Cf. Underwood v. Life Ins. Co. of Georgia, No. CV-97-N-860-W, 1998 WL 377738 (N.D. Ala. June 30, 1998)(Nelson, J.); Nunnery v. The Prudential Ins. Co. of Am., No. CV-96-4048 (Mobile Co. Cir. Ct. March 1, 1997) (McRae, J.); Solomon v. The Guardian Life Ins. Co. of Am., No. 96-1597, 1997 WL 611586 (E.D. Pa. Sept. 26, 1997). Plaintiff does not yet know whether his insurance policy will perform according to defendant's alleged promises. Thus, this action is premature and based on speculative damages rather than any real, actual injury to plaintiff.

Based on the foregoing, defendant's motion for judgment on the pleadings is due to be granted and this action dismissed, without prejudice. A separate order will be entered.

DONE this 20th day of August, 1998.

／s／ James H. Hancock
SENIOR UNITED STATES DISTRICT JUDGE